# SUMMONS

| | |
|---|---|
| Attorney(s)  BRIAN S. SCHILLER, ESQ. | **Superior Court of New Jersey** |
| Office Address  SCHILLER McMAHON LLC | |
| 123 SOUTH AVENUE EAST, 2ND FL | |
| Town, State, Zip Code  WESTFIELD, NEW JERSEY 07090 | HUDSON COUNTY LAW DIVISION |
| Telephone Number  908-233-4840 | |
| Attorney(s) for Plaintiff Timothy Williams | Docket No: HUD-L-000959-17 |

TIMOTHY WILLIAMS

Plaintiff(s)

**CIVIL ACTION SUMMONS**

Vs.

CITY OF JERSEY CITY, JERSEY CITY POLICE DEPARTMENT, and JOHN DOES 1 through 10

Defendant(s) **CITY OF JERSEY CITY**

From The State of New Jersey To The Defendant(s) Named Above:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

DATED: March 21, 2017

/s/ Michelle Smith
Clerk of the Superior Court

Name of Defendant to Be Served:  CITY OF JERSEY CITY

Address of Defendant to Be Served:  280 Grove Street

Jersey City, NJ 07302

Appendix XII-B1



# CIVIL CASE INFORMATION STATEMENT (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed

**FOR USE BY CLERK'S OFFICE ONLY**
PAYMENT TYPE: ☐ CK ☐ CG ☐ CA
CHG/CK NO.
AMOUNT:
OVERPAYMENT:
BATCH NUMBER:

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| BRIAN S. SCHILLER | (908) 233-4840 | Hudson |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| SCHILLER McMAHON LLC | L-959-17 |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 123 SOUTH AVENUE EAST WESTFIELD, NJ 07090 | COMPLAINT |
| | JURY DEMAND ☒ YES ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| TIMOTHY WILLIAMS | TIMOTHY WILLIAMS V. CITY OF JERSEY CITY, JERSEY CITY POLICE DEPARTMENT, JOHN DOES 1 THROUGH 10. |

| CASE TYPE NUMBER (See reverse side for listing) | HURRICANE SANDY RELATED? | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ☒ NO |
|---|---|---|
| 005 | ☐ YES ☒ NO | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? ☐ YES ☒ NO | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☒ YES ☐ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) ☐ NONE ☒ UNKNOWN |
|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☐ YES ☒ NO | IF YES, IS THAT RELATIONSHIP: ☐ EMPLOYER/EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain) ☐ FAMILIAL ☐ BUSINESS |
|---|---|

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☒ YES ☐ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES ☒ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED? ☐ YES ☒ NO | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE: */s/ Brian S. Schiller*

Brian S. Schiller, Esq. – NJAID 024722009
Schiller McMahon LLC
123 South Avenue East, Second Floor
Westfield, New Jersey 07090
P: (908) 233-4840
F: (908) 935-0822
Attorneys for Plaintiff

FILED
CUSTOMER SERVICE TEAM
MAR 0 6 2017
SUPERIOR COURT OF NEW JERSEY
COUNTY OF HUDSON
CIVIL DIVISION #4

| | |
|---|---|
| TIMOTHY WILLIAMS,<br><br>                           Plaintiff,<br><br>v.<br><br>CITY OF JERSEY CITY, JERSEY CITY POLICE DEPARTMENT and JOHN DOES 1 THROUGH 10,<br><br>                           Defendants. | SUPERIOR COURT OF NEW ERSEY<br>LAW DIVISION: HUDSON COUNTY<br><br>DOCKET NO.: HUD-L- 959-17<br><br>**Civil Action**<br><br>**COMPLAINT and JURY DEMAND** |

Plaintiff, Timothy Williams, by and through his attorneys, Schiller McMahon, by way of Complaint against the noted defendants, allege as follows:

### JURISDICTION AND VENUE

1. This is an action in a case of actual controversy and is brought pursuant to the *Rules Governing the Courts of the State of New Jersey*. Venue is proper in Hudson County pursuant to *Rule* 4:2-3 of the *Rules Governing the Courts of the State of New Jersey* inasmuch as the claims arose in said County.

### THE PARTIES

2. At all times relevant hereto, Timothy Williams ("Plaintiff") was an individual residing in Jersey City, New Jersey.

3. At all relevant times hereto, Defendant Jersey City ("City"), was a municipality duly organized and existing under the laws of the state of New Jersey.

4. At all times relevant hereto, Defendant, Jersey City Police Department ("Department"), was a municipal subdivision and arm of the City, located at 207 7th Street, Jersey City, New Jersey 07302.

5. At all times relevant hereto, Defendants John Does 1 through 10, being fictitious identities and representing unnamed agents, servants and employees of the City and Department who violated Plaintiff's rights and/or were a proximate cause or substantial factor of Plaintiff's damages. They are sued in their individual and official capacities.

6. At all times relevant hereto, Defendant City and Department, acting under color of law, was responsible for the hiring, training, supervision, discipline, retention, termination and promotion of the defendant John Doe officers, inclusive of the defendants herein.

7. At all times relevant hereto, Defendants herein were acting under color of law, pursuant to statutes, constitution, ordinances, regulations, policies and customs of the State of New Jersey.

8. At all times relevant hereto, Defendant officers were agents, servants and employees of Defendant City and Department acting in their official capacity as police officers, and were charged with the duty and responsibility to enforce and abide by the Constitution and the law of the State of New Jersey.

## FACTS COMMON TO ALL COUNTS

9. On or about March 22, 2015, Plaintiff was unlawfully arrested by John Does, members of the Jersey City Police Department.

10. During the course of the arrest of Plaintiff, Defendant John Does used excessive force, assaulted, battered and otherwise violently attacked Plaintiff.

11. Plaintiff was charged with several criminal offenses, including *N.J.S.A.* 2C:12-1(b); *N.J.S.A.* 2C:29-2; *N.J.S.A.* 2C: 33-2 and *N.J.S.A.* 2C:33-1(b) under Jersey City Police Department File # 5876.

12. The aforementioned charges were later dismissed in Jersey City Municipal Court.

13. Defendants' actions as stated herein were performed under color of law and in violation of Plaintiff's civil and constitutional rights.

14. Defendants' actions were willful and in wanton disregard of Plaintiff's civil and constitutional rights.

15. As a result of the Defendants' actions as stated herein, Plaintiff was caused to sustain serious and permanent injury, which has required extensive medical treatment and expense and loss of income, both past and future.

16. As a result of the Defendants' actions as stated herein, Plaintiff was caused to suffer severe emotional distress and mental anguish.

17. Plaintiff continues to suffer pain and disability due to the intentional and negligent actions of the Defendants.

18. By reason of the foregoing, Plaintiff has been, and will in the future, be damaged.

19. On or about May 21, 2015, Plaintiff served a Notice of Tort Claim on Defendants.

20. More than six months have elapsed since the service of the Notice of Tort Claim and the claims remain unsatisfied.

## FIRST COUNT

### (Assault and Battery - As to Defendant John Does)

21. Plaintiff repeats and re-alleges each and every allegation set forth in ¶¶ 1 through 20 above as if set forth at length herein.

22. Defendants intended to cause a harmful or offensive contact with Plaintiff, and/or an imminent apprehension of such a contact.

23. Plaintiff was thereby put in such imminent apprehension.

24. Defendants contacted Plaintiff in a harmful and offensive manner without cause and/or legal justification.

25. As a result of Defendants' actions, Plaintiff was severely injured and continues to be damaged.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, joint and severally, for compensatory and punitive damages, together with interest, costs of suit and attorney's fees.

## SECOND COUNT

### (Deprivation of Civil Rights – As to Defendant John Does)

26. Plaintiff repeats and re-alleges each and every allegation set forth in ¶¶ 1 through 25 above as if set forth at length herein.

27. At all times relevant hereto, Defendants were acting under color of law.

4

28. The actions of Defendants as alleged herein have deprived Plaintiff of rights and privileges secured to him by the New Jersey Constitution and other laws.

29. Pursuant to Article I, Section 1 of the New Jersey Constitution, all persons have certain natural and unalienable rights, among which are those of enjoying and defending life and liberty, and of pursuing and obtaining safety and happiness.

30. Pursuant to Article I, Section 7 of the New Jersey Constitution, all persons have the right to be secure in their persons against unreasonable search and seizures.

31. Pursuant to Article I, Section 10 of the New Jersey Constitution, in all criminal prosecutions the accused shall have the right to a speedy trial, to be informed of the nature and cause of the accusation, to be confronted with the witnesses against them, and to have compulsory process for obtaining witnesses in their favor.

32. Pursuant to Article I, Section 22 of the New Jersey Constitution, victims of crimes shall be treated with fairness, compassion and respect.

33. Plaintiff has been deprived of these rights and privileges which have also been interfered with by Defendants' actions as set forth herein.

34. The deprivation of, and interference with, Plaintiff's rights and privileges are the result of the conduct of the Defendants.

35. Defendants' conduct as described herein violated the provisions of the New Jersey Civil Rights Act, *N.J.S.A.* 10:6-1 *et. seq.*

**WHEREFORE**, Plaintiff demands judgment against the Defendants, joint and severally, for compensatory and punitive damages, together with interest, costs of suit and attorney's fees.

## THIRD COUNT

### (Abuse of Process – As to Defendant John Does)

36. Plaintiff repeats and re-alleges each and every allegation set forth in ¶¶ 1 through 35 above as if set forth at length herein.

37. Defendants made improper, illegal and perverted use of the legal procedure and their resort to the legal process was neither warranted nor authorized by law.

38. Defendants had ulterior motives in initiating the legal process against Plaintiff by filing a criminal complaint against him.

39. As a proximate result of the Defendants' conduct, Plaintiff has and will suffer damages, inclusive of serious and permanent injuries, which will require medical treatment and expenses in the future.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, joint and severally, for compensatory and punitive damages, together with interest, costs of suit and attorney's fees.

## FOURTH COUNT

### (False Imprisonment – As to Defendant John Does)

40. Plaintiff repeats and re-alleges each and every allegation set forth in ¶¶ 1 through 39 above as if set forth at length herein.

41. Defendants wrongfully, unlawfully, maliciously, and without any warrant or pretense of legal process, detained and confined Plaintiff.

42. Plaintiff's confinement was without legal authority or legal justification.

43. Defendants' actions in subjecting Plaintiff to detention were deliberate, willful, malicious, wanton and unlawful.

44. As a proximate result of the Defendants' conduct, Plaintiff has and will suffer damages, inclusive of serious and permanent injuries, which will require medical treatment and expenses in the future.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, joint and severally, for compensatory and punitive damages, together with interest, costs of suit and attorney's fees.

### Fifth Count

### (False Arrest – As to Defendant John Does)

45. Plaintiff repeats and re-alleges each and every allegation set forth in ¶¶ 1 through 44 above as if set forth at length herein.

46. Defendants wrongfully, unlawfully, maliciously, and without any warrant or pretense of legal process, detained and confined Plaintiff.

47. Plaintiff's confinement was without legal authority or legal justification.

48. Defendants' actions in subjecting Plaintiff to detention were deliberate, willful, malicious, wanton and unlawful.

49. As a proximate result of the Defendants' conduct, Plaintiff has and will suffer damages, inclusive of serious and permanent injuries, which will require medical treatment and expenses in the future.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, joint and severally, for compensatory and punitive damages, together with interest, costs of suit and attorney's fees.

## SIXTH COUNT

### (Intentional Infliction of Emotional Distress – As to Defendant John Does)

50. Plaintiff repeats and re-alleges each and every allegation set forth in ¶¶ 1 through 49 above as if set forth at length herein.

51. Defendants acted intentionally or recklessly by their actions aforestated.

52. The conduct of Defendants was extreme in degree and outrageous in character as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community.

53. As a proximate result of the Defendants' conduct, Plaintiff has and will suffer severe emotional distress.

54. The emotional distress suffered by Plaintiff was so severe that no reasonable person could be expected to endure such distress.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, joint and severally, for compensatory and punitive damages, together with interest, costs of suit and attorney's fees.

## SEVENTH COUNT

### (Defamation – As to Defendant John Does)

55. Plaintiff repeats and re-alleges each and every allegation set forth in ¶¶ 1 through 54 above as if set for at length herein.

56. Defendants accused Plaintiff of having committed crimes, facts that were not true.

57. Defendants communicated to third parties other than Plaintiff a false and defamatory statement of fact concerning the Plaintiff with actual knowledge that the statement

8

was false or with reckless disregard of its truth or falsity.

58. Defendants' utterance of a slander constitutes slander *per se* since the utterances charge the commission of a crime.

59. As a proximate result of Defendants' willful misconduct Plaintiff sustained harm.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, joint and severally, for compensatory and punitive damages, together with interest, costs of suit and attorney's fees.

## EIGHTH COUNT

### (Malicious Prosecution – As to All Defendants)

60. Plaintiff repeats and re-alleges each and every allegation set forth in ¶¶ 1 through 59 above as if set forth at length herein.

61. Defendants filed criminal charges against Plaintiff alleging violations of *N.J.S.A.* 2C:12-1(b); *N.J.S.A.* 2C:29-2; *N.J.S.A.* 2C: 33-2 and *N.J.S.A.* 2C:33-1(b).

62. The aforestated criminal offenses were thereafter dismissed.

63. No reasonable or probable cause existed for the Defendants to charge Plaintiff with said criminal offenses.

64. Defendants were activated by malicious motives in prosecuting the criminal complaints against Plaintiff.

65. As a proximate result of the Defendants' conduct, Plaintiff has and will suffer damages, inclusive of serious and permanent injuries, which will require medical treatment and expenses in the future.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, joint and severally, for compensatory, treble and punitive damages, together with interest, costs of suit and attorney's fees.

## NINTH COUNT

### (Negligence – As to All Defendants)

66. Plaintiff repeats and re-alleges each and every allegation set forth in ¶¶ 1 through 65 above as if set for at length herein.

67. At all times relevant hereto, Defendants owed a duty to the Plaintiff to provide the standard of care that an ordinary prudent person would provide in similar circumstances. Through their actions, as aforestated, Defendants breached their duty of care.

68. As the direct and proximate cause of the Defendants' negligence as stated above, Plaintiff has suffered severe and permanent physical injury.

69. The injuries Plaintiff has sustained are permanent in nature.

70. Plaintiff has suffered great physical and mental pain and anguish.

71. Plaintiff continues to suffer pain and disability due to the negligent actions of the Defendants.

72. As a further result of the above negligent acts committed by the Defendants, Plaintiff has incurred substantial medical expenses for medical care and attention and will continue to incur additional medical expenses into the foreseeable future.

73. In addition, Plaintiff has suffered economic injury and will likely continue to suffer such economic injury.

WHEREFORE, Plaintiff demands judgment against the Defendants, joint and severally, for compensatory and punitive damages, together with interest, costs of suit and attorney's fees.

## TENTH COUNT

### (Negligent Hiring, Training, Supervision and Retention – As to Defendants City and Department)

74. Plaintiff repeats and re-alleges each and every allegation set forth in ¶¶ 1 through 73 above as if set forth at length herein.

75. Defendants had a duty to exercise reasonable care in the continual formation of a law enforcement officer, including the screening, selection, training, supervision, retention, assignment, transferring, appointment and/or employing of John Does 1 through 10 for the duties assigned to them, and for purposes of determining their fitness for access to the public, including Plaintiff; and were negligent or grossly negligent in that the Defendants failed to adopt and establish reasonable or adequate policies, guidelines, or other means whereby to learn to recognize an officer's propensity for rogue, deviant behavior; failed to adequately screen and or investigate John Does 1 through 10; and also failed to adequately investigate John Does 1 through 10's prior activities and/or behavior with regard to the public; and failed to adequately monitor and/or investigate John Does 1 through 10's conduct during training, and conduct prior to each change of assignment and/or appointments as law enforcement officers.

76. Defendants had a continuous duty to keep and maintain John Does 1 through 10 under reasonable supervision that provided these officers were fit to perform their duties without

11

presenting a risk to the health, safety and welfare of the public, including Plaintiff, who came into contact with these officers as a result of their employment as law enforcement officers.

77. Defendants knew, or should have known, of the particular unfitness, incompetence and dangerous attributes of Defendant John Does involved in the acts alleged herein when they were hired and thereafter.

78. Defendants knew, or should have known, that such attributes created a serious risk of harm to others.

79. Defendants breached its duty of care in that it failed to take any action to ensure that the Plaintiff was not harmed by John Does 1 through 10, despite its actual and/or constructive notice of these officers' rogue and unlawful conduct; Defendants negligently screened, selected, trained, retained, employed, assigned, transferred and/or appointed John Does 1 through 10 to a position of trust and authority as law enforcement officers, and further failed to provide adequate warning to the Plaintiff; negligently failed and refused to remove or suspend John Does 1 through 10 from their duties and failed to prevent these officers from pursuing unlawful acts against the public, including the Plaintiff. In addition, the Defendants failed to adopt and establish guidelines and policies to protect the public and the Plaintiff from unlawful conduct from its law enforcement officers. These actions amount to willful, malicious, reckless, and gross negligence, in complete disregard for the rights and safety of the Plaintiff.

80. Such attributes were the cause of the wrongful acts perpetrated upon Plaintiff by John Does 1 through 10.

12

81. As a proximate result of the Defendants conduct, Plaintiff has and will suffer damages, inclusive of serious and permanent injuries, which will require medical treatment and expenses in the future.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, joint and severally, for compensatory and punitive damages, together with interest, costs of suit and attorney's fees.

## ELEVENTH COUNT

### (Vicarious Liability – As to Defendants City and Department)

82. Plaintiff repeats and re-alleges each and every allegation set forth in ¶¶ 1 through 81 above as if set forth at length herein.

83. Defendants are liable to Plaintiff by virtue of vicarious liability and respondeat superior for the wrongful acts of the Defendants.

84. At all times relevant hereto, Defendant John Does acted within the scope of their employment by the Defendants.

85. Defendants are liable, as above, for the wrongful acts of the Defendants even if committed outside the scope of their employment.

86. As a proximate result of the Defendants' conduct, Plaintiff has and will suffer damages, inclusive of serious and permanent injuries, which will require medical treatment and expenses in the future.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, joint and severally, for compensatory and punitive damages, together with interest, costs of suit and attorney's fees.

## TWELFTH COUNT

### (Conspiracy to Commit a Tort – As to All Defendants)

87. Plaintiff repeats and re-alleges each and every allegation set forth in ¶¶ 1 through 86 above as if set forth at length herein.

88. Defendants entered into an agreement or confederation with a common design to willfully and maliciously wrong and to perpetrate a tort against Plaintiff, as aforestated.

89. Plaintiff was arrested and unlawfully imprisoned without probable cause, criminal charges and/or summonses being issued against him.

90. As a result of the conspiracy to commit a tort by the Defendants, Plaintiff sustained harm from the unlawful arrest and imprisonment, the assault and battery, and malicious prosecution by the Defendants.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, joint and severally, for compensatory and punitive damages, together with interest, costs of suit and attorney's fees.

## THIRTEENTH COUNT

### (Punitive Damages - As to All Defendants)

91. Plaintiff repeats and re-alleges each and every allegation set forth in ¶¶ 1 through 90 above as if set forth at length herein.

92. Defendants committed multiple torts against Plaintiff as aforestated.

93. Defendants' acts or omissions were actuated by actual malice or accompanied by a wanton and willful disregard of Plaintiff's rights and privileges.

94. Defendants City and Department authorized, participated in, or ratified the wrong acts.

95. Plaintiff suffered harm as a result of such acts and omissions of Defendants.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, joint and severally, for compensatory and punitive damages, together with interest, costs of suit and attorney's fees.

**SCHILLER MCMAHON LLC**
Attorneys for Plaintiff

Dated: February 28, 2017      By: _____
                                   Brian S. Schiller

### DESIGNATION OF TRIAL COUNSEL

The Court is advised that, pursuant to Rule 4:25-4, Brian S. Schiller, Esq. is designated as trial counsel for Plaintiff in this action.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues.

### RESERVATION OF RIGHTS

Plaintiff reserves the right to file such specific amendments and/or additional claims as are applicable hereinafter to this action and/or as the same are subsequently discovered.

## DEMAND FOR INTERROGATORIES

Pursuant to Rule 4:17-1(b)(2), Plaintiff demands from Defendants answers to Forms C interrogatories.

## DEMAND FOR PRODUCTION OF INSURANCE AGREEMENTS

Pursuant to Rule 4:10-2(b), demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy all or part of a judgment, which may be entered in the action or to indemnify or reimburse for payment made to satisfy the judgment. If so, attached a copy of each, or in the alternative state, under oath and certification, the (a) policy number; (b) name and address of the insurer; (c) inception and expiration date; (d) names and addresses of all persons insured thereunder; (e) personal injury limits; (f) property damage limits; and (g) medical payment limits.

## CERTIFICATION IN ACCORDANCE WITH RULE 4:5-1

I certify that the matter in controversy is not the subject of any other court action or arbitration proceeding and no such action or proceeding is contemplated. I know of no other party who should be joined in this action.

SCHILLER MCMAHON LLC
Attorneys for Plaintiff

Dated: February 28, 2017   By: _____
                                Brian S. Schiller

```
HUDSON COUNTY SUPERIOR COURT
HUDSON COUNTY
583 NEWARK AVENUE
JERSEY CITY        NJ 07306
                                         TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (201) 217-5162
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:   MARCH 08, 2017
                    RE:     WILLIAMS VS CITY OF JERSEY CITY ET AL
                    DOCKET: HUD L -000959 17

     THE ABOVE CASE HAS BEEN ASSIGNED TO:   TRACK 3.

     DISCOVERY IS  450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:   HON CHRISTINE M. VANEK

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      002
AT:  (201) 795-6908.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH R. 4:5A-2.
                    ATTENTION:
                                    ATT: BRIAN S. SCHILLER
                                    SCHILLER MCMAHON
                                    123 SOUTH AVENUE EAST
                                    SECOND FL
                                    WESTFIELD        NJ 07090
JJJWAL4
```